IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL NELLUMS                                                                                      PLAINTIFF

v.                                            Case No. 4:19-cv-00751-DPM

THE NORTH LITTLE ROCK SCHOOL
DISTRICT, a public body corporate                                                         DEFENDANT

## CONSENT PROTECTIVE ORDER

This lawsuit is presently in the discovery process, and it appears the ~~such~~ *the* discovery may *so ord.* involve review of sensitive, proprietary and confidential records and employment information about the North Little Rock School District's past and present employees. Accordingly, good cause having been shown within the meaning of the applicable laws and procedural rules, and it appearing that the parties consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

1.     For the purposes of this Order, "confidential" documents and information is that which concerns or relates to any past or present student of the Defendant or any personnel record of any past or present employee of Defendant that is not otherwise a public record under the Arkansas Freedom of Information Act.

2.     All documents and information produced by the parties which are designated as "confidential" shall be treated as such by all parties to this litigation. These confidential documents, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively in this action and for no other purpose.

2.     Documents and information designated confidential may be used only in connection with this case and may not be disclosed to persons not parties to this lawsuit.

3.  No document which is otherwise subject to disclosure under the Arkansas Freedom of Information Act shall be designated as "confidential" by either party.

4.  No document shall be deemed "confidential" if it has been made public by the producing party. *DPMJ.*

5.  Any party who objects to the proffering party designating a document as "confidential," but believes the document should be of public record, shall confer with the designating party in good faith on the matter. The party that designates a document(s) as confidential has the burden of proof if there is a dispute. If a resolution cannot be reached, the party challenging the "confidential" designation shall file a joint report of discovery dispute with the Court, attaching the documents in question under seal, asking the Court to determine if the documents are or are not subject to confidentiality. The parties will follow the discovery dispute procedure outlined in the Scheduling Order. Each party agrees to be bound by the ruling of this Court as to the confidentiality of documents. If the Court declines to intervene on matters involving whether a document is or is not "confidential" under this Consent Protective Order, the designation first given by the proffering party prevails.

6.  If confidential documents are used during depositions, the deposition shall be treated as confidential in accordance with paragraph (1), *supra*.

7.  Any document, information or deposition designated as confidential under this Order shall, when filed with the court, be clearly marked "confidential," sealed, placed in separate, secure, storage by the clerk, and opened only by authorized court personnel. If at all practicable, the Parties must first attempt to redact information from documents marked confidential and file on the record, consistent with Fed. R. Civ. P. 5.2, before moving to file documents under seal.

The moving party must justify sealing each document, with specific reasons about why redaction cannot be done.

8. Documents and other material designated as confidential pursuant to the terms of this Order may be disclosed only to trial counsel and employees or professional assistants of trial counsel who have a bona fide need to review the information or contents of the documents to aid effectively in the preparation of a party's case. Disclosure to persons other than trial counsel or employees or professional assistants of trial counsel shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the Court directing disclosure.

9. Upon dissemination of any of the information furnished by the parties to any other person, firm, or organization, the parties by whom such information was disseminated shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further Order of the Court.

10. Each person examining the subject documents or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this Court for contempt in any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

11. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

12. Entry of this Order shall not preclude the parties from objecting to production of documents or information which it deems confidential or not discoverable.

13. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

14. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but only as a matter of contract between the parties.

IT IS SO ORDERED this _14th_ day of _August_, 2020.

_____
Honorable D. P. Marshall Jr.
Chief United States District Court Judge

Approved and Consented to:

JOHN W. WALKER, P.A.
1723 Broadway Street
Little Rock, AR 72206
Phone: (501) 374-3758
Fax: (501) 374-4187
Email: lwalker@jwwlawfirm.com

By: _____*Lawrence A. Walker*_____
       Lawrence A. Walker, Ark. Bar No. 12042

*Attorney for Plaintiff*

Consented to and Prepared by:
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:   (501) 374-5092
Email: jbequette@bbpalaw.com
       ckees@bbpalaw.com

By: _____*W. Cody Kees*_____
       Jay Bequette, Ark. Bar No. 87012
       W. Cody Kees, Ark. Bar No. 2012118

*Attorneys for Defendant*