United States District Court
Eastern District of Arkansas

**Michael Nellums**                                                                 **Plaintiff**

v.                         Case No. 4:19-cv-00751-DPM

**North Little Rock School District**                                     **Defendant**

### The Plaintiff's Motion for Leave to File a Reply

1. Michael Nellums ("Mr. Nellums") filed a motion to dismiss this case without prejudice on September 25, 2020. (Pl.'s Mot. to Dismiss Without Prejudice, Sept. 25, 2020, ECF No. 24).

2. The North Little Rock School District responded on October 1, 2020. (Resp. to Pl's. Mot. to Dismiss Without Prejudice, Oct. 1, 2020, ECF No. 26).

3. Except in the case of a party filing a motion for summary judgment, this Court's local rules do not provide for a moving party to file a reply to a response. Mr. Nellums believes a reply is essential to this Court's consideration of his motion to dismiss without prejudice and the response to his motion, therefore, he is requesting this Court's permission to file a reply to the response to his motion to dismiss without prejudice. His proposed reply is attached to this motion, and if the Court grants this motion, he will file the attached reply immediately thereafter.

4. Based on the foregoing, Mr. Nellums requests that the Court grant this motion and allow him to file the attached reply to the response to his motion to dismiss without prejudice.

Respectfully submitted,

Lawrence Anthony Walker
Ark. Sup. Ct. Reg. No. 2012042
Attorney for the Plaintiff, Michael Nellums
John W. Walker, P.A.
1723 Broadway Street
Little Rock, Arkansas 72206-1220
Telephone: 501.374.3758
E-mail: tonywalkeratty@gmail.com

**United States District Court**
**Eastern District of Arkansas**

**Michael Nellums**                                                                                    **Plaintiff**

v.                              Case No. 4:19-cv-00751-DPM

**North Little Rock School District**                                                    **Defendant**

### The Plaintiff's Reply to the Defendant's Response to the Plaintiff's Motion to Dismiss Without Prejudice

NLRSD says in its response to Mr. Nellums's motion to dismiss that

"[it] is aware that Mr. Walker's death was unexpected and does not dispute that the resulting effects on Mr. L. Walker's practice were significant. [It] also has no reason to doubt that Mr. Walker's death is a truthful explanation for [Mr.] Nellums's request to dismiss his case."

(Resp. to Pl.'s Mot. to Dismiss Without Prejudice, at 2, Oct. 1, 2020, ECF No. 26).

Right after telling the Court that it "…has no reason to doubt that Mr. Walker's death is a truthful explanation for [Mr.] Nellums's request to dismiss his case," NLRSD turns right around and says "[it] finds it very likely that escaping an adverse decision is the motivating factor behind Mr. Nellums's motion to dismiss." (Resp. to Pl.'s Mot. to Dismiss Without Prejudice, at 2-3, Oct. 1, 2020, ECF No. 26). NLRSD's questioning of Mr. Nellums's motives is baseless. Mr. L. Walker, Mr. Nellums's attorney, is not just another lawyer who worked with Mr. Walker. He and Mr. Walker are family members who shared a home in addition to a workplace. Mr. Walker's death affected Mr. L. Walker both professionally and personally in a way it would not have affected someone whose relationship with

Mr. Walker was more distant. Mr. Nellums explained in detail his "motive" for requesting a dismissal without prejudice in this case, and NLRSD has no factual or other basis to call his motive into question, thus, it should have refrained from doing so.

NLRSD claims this Court should deny Mr. Nellums's motion because he did not file a motion to extend the discovery deadline, and he filed his motion to dismiss after it filed a motion for summary judgment. (Resp. to Pl.'s Mot. to Dismiss Without Prejudice, at 5, Oct. 1, 2020, ECF No. 26). Mr. Nellums did not file a motion to extend the discovery deadline because he thought he could complete the discovery he needed by the August 11, 2020 deadline the Court set in its January 24, 2020 final scheduling order, and he made a good faith effort to do just that. His effort did not succeed, but not because of the nefarious reasons NLRSD imputes to him, but because he simply overestimated his capacity to complete discovery in a case his current lawyer was unexpectedly thrust into twenty-nine days after Mr. Walker died.

And filing a Rule 41(a)(2) motion after a party files a summary judgment motion is hardly anything new or novel. The Eighth Circuit has affirmed the granting of Rule 41(a)(2) motions not only after a party filed a motion for summary judgment motion, but during a trial where the trial court indicated it was inclined to dismiss the plaintiff's case. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993) ("…a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a

motion for voluntary dismissal, [but], it is not by itself dispositive.") (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) (affirming a voluntary dismissal without prejudice after the plaintiff had presented four of five witnesses at the trial, and after the trial judge had indicated in a conference that it expected to enter a directed verdict for the defendant)).

Next, NLRSD proceeds to argue the merits of its case and posits that that establishes that it would be a waste of judicial time and effort to allow Mr. Nellums to dismiss this case without prejudice. (Resp. to Pl.'s Mot. to Dismiss Without Prejudice, at 5-6, Oct. 1, 2020, ECF No. 26). For one thing, this Court does not have a sufficiently developed factual record before it for it to take NLRSD's word for it that if Mr. Nellums refiles this case and conducts the kind of discovery he intends to conduct that that "…will not change the facts of this case." Second, the merits of a case have little if anything to do with whether a court should grant a Rule 41(a)(2) motion. Instead, a when deciding whether to allow a voluntary dismissal, a "district court should consider…'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendant[.]'" *Mullen v. Heinkel Filtering Sys.*, 770 F.3d 724, 728 (8th Cir. 2014) (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (quoting *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-1214 (8th Cir. 2011))).

3

NLRSD's confidence that it will ultimately prevail on the merits of this case is not a factor the Eighth Circuit has directed district courts to consider when deciding Rule 41(a)(2) motions, and NLRSD has not cited any authority for the proposition that confidence in its litigating position is a factor that should be considered.

NLRSD next asserts that it will be prejudiced if Mr. Nellums refiles this case because "…it has exposed its strategy and…legal arguments…in its motion for summary judgment and supporting brief." (Resp. to Pl.'s Mot. to Dismiss Without Prejudice, at 6-7, Oct. 1, 2020, ECF No. 26). This is a bizarre argument. NLRSD's "strategy and legal arguments" are not trade secrets or intellectual property. This is an employment discrimination case of the kind that gets filed daily in federal district courts throughout this country. Neither Mr. Nellums's theories of liability nor NLRSD's defenses are proprietary secrets or state secrets. The idea that now that NLRSD has "exposed its strategy and legal arguments" and therefore will suffer prejudice if it has to "expose" them again is sophistry.

What NLRSD is really saying is it has what it believes to be a tactical advantage in this case and it would lose it if the Court grants Mr. Nellums's motion. The Eighth Circuit, however, has rejected the loss of a tactical advantage as being prejudicial within the meaning of Rule 41(a)(2). *Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017) (citing *Mullen v. Heinkel Filtering Sys.*, 770 F.3d 724, 728 (8th Cir. 2014)) (it is not prejudice within the meaning for Rule

4

41(a)(2) for a defendant to incur the expense and effort of drafting and responding to discovery, nor is it prejudicial to lose a tactical advantage).

Finally, when the Court sought NLRSD's response to Mr. Nellums's Rule 42(a)(2) motion, it informed the parties that in accordance with Fed. R. Civ. P. 41(d), it is considering requiring Mr. Nellums to pay NLRSD's costs if he refiles this case.[1] The Court did not say a word about attorneys' fees, and that omission is not accidental. Likewise, Rule 41(d) does not say a word about attorneys' fees. Notwithstanding the clarity of the Court's notice and the text of Rule 41(d), NLRSD requests attorneys' fees. The Court did not invite NLRSD to make a fee request in this case, therefore, the Court should reject its backdoor attempt to do just that.

                    Respectfully submitted,

                    Lawrence Anthony Walker
                    Ark. Sup. Ct. Reg. No. 2012042
                    Attorney for the Plaintiff, Michael Nellums
                    John W. Walker, P.A.
                    1723 Broadway Street
                    Little Rock, Arkansas 72206-1220
                    Telephone: 501.374.3758
                    E-mail: tonywalkeratty@gmail.com

---

[1] Mr. Nellums objects to conditioning his ability to refile this case on the payment of costs or attorneys' fees. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 969-971 (8th Cir. 1984) (affirming the unconditional granting of a Rule 41(a)(2) motion made during the trial). Moreover, he assumes until told otherwise, that by "costs," the Court means only those costs authorized by 28 U.S.C. § 1920 and Fed. R. Civ. P. 41(d).